**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NIMIT PARIKH,<br><br>                Plaintiff,<br><br>    v.<br><br>KYNDRYL HOLDINGS, INC.,<br><br>                Defendant. | Civil Action No. 25-3864 (JXN)(JBC)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant Kyndryl Holdings, Inc.'s ("Defendant") motion to dismiss Plaintiff Nimit Parikh's ("Plaintiff") complaint under Federal Rules of Civil Procedure[1] 12(b)(4), 12(b)(5), and 12(b)(6). (ECF No. 6.) Plaintiff opposed (ECF No. 8), and Defendant replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss (ECF No. 6) is **DENIED** without prejudice to Defendant's ability to later refile the motion.

## I.    BACKGROUND

### A.    Statement of Facts

This is an employment discrimination case. Plaintiff, a South Asian Indian man, worked as a database engineer for Kyndryl, Inc. ("Kyndryl"), an indirect, wholly owned subsidiary of Defendant,[2] from April 2020 to September 2022. (*See* EEOC Charge at *5,[3] ECF No. 1-2.) Plaintiff alleges that, in November or December 2021, he complained to Kyndryl management that

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.
[2] (*See* Corporate Disclosure Statement, ECF No. 7.)
[3] Pincites preceded by an asterisk (*) use ECF pagination.

he was being treated differently than other employees. (*Id.*) From January to May 2022, Kyndryl investigated Plaintiff's claim, but found it unsubstantiated. (*Id.*) Then, on May 12, 2022, Plaintiff's supervisor assigned Plaintiff to work the night shift. (*Id.*) Plaintiff claims he was the only employee required to do so. (*Id.*) Plaintiff "request[ed] a copy of [his] job description multiple times" from his supervisor, but the supervisor refused. (*Id.*) Instead, Plaintiff obtained a copy of his former job description from his former employer. (*Id.*) Plaintiff notes that his job offer letter from Kyndryl stated that Kyndryl would not change Plaintiff's job duties or responsibilities from his former employer. (*Id.*) After receiving his former job description from his former employer, Plaintiff filed another complaint of retaliation with Kyndryl. (*Id.*) Following this complaint, Plaintiff claims he was demoted and later terminated. (*Id.* at *5–6.)

### B.    Procedural History

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in May 2023. (*Id.*) The EEOC investigated the charge, declined to take further action, and informed Plaintiff of its determination on February 5, 2025. (*See* ECF No. 1-2 at *1.)

On May 2, 2025, Plaintiff filed this lawsuit against Defendant for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*See* Compl. at 5, ECF No. 1.) Over three months later, on August 21, 2025, the Clerk of Court issued a Notice of Call for Dismissal ("Notice") under Rule 4(m) for failure to effect service of the summons and complaint within ninety days of filing the Complaint. (*See* Notice of Call, ECF No. 4.) The Notice advised the Complaint would be dismissed on September 4, 2025, unless Plaintiff "establish[ed] that service was effected within said [ninety] days, by filing proof of service with the Clerk of the Court before the return date of this notice." (*Id.*) Plaintiff filed an Affidavit of Service ("Affidavit")

2

on September 2, 2025. (*See* Aff. of Service, ECF No. 5.) According to the Affidavit, on August 28, 2025, Plaintiff served Defendant with a summons, the Notice, the EEOC Charge, the EEOC's determination, and miscellaneous documents. (*See id.* at *3.)

Defendant moved to dismiss the Complaint on September 19, 2025. (*See* Def.'s Moving Br., ECF No. 6-1.) Defendant argues the Complaint should be dismissed because (1) Plaintiff did not timely serve Defendant and no good cause exists to excuse the failure; (2) Plaintiff's attempt at service was defective because he did not serve the Complaint; (3) Plaintiff served the wrong defendant—he worked for Kyndryl, but sued Defendant, Kyndryl's holding company; and (4) the Complaint does not comply with Rule 8(a)'s pleading standard. (*Id.*) Plaintiff argues good cause exists to excuse his untimely service because he acted diligently upon receiving the Notice, and he requests leave to file an amended complaint. (*See* Pl.'s Opp'n, ECF No. 8.)

## II.     LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4 sets forth the procedural requirements for service of process; namely, a plaintiff must serve a summons and copy of the complaint within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). Correspondingly, a party may move to dismiss a complaint for insufficient process under Rule 12(b)(4) or insufficient service under Rule 12(b)(5). The party making the service must show it was valid. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

If the Court concludes the plaintiff failed to make proper service, the Court must examine whether good cause excuses the plaintiff's noncompliance with Rule 4. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The plaintiff has the burden of showing good cause.

3

*Oparaji v. V4 Land Surveying PLLC*, No. 23-20847, 2025 WL 957408, at \*5 (D.N.J. Mar. 29, 2025). Good cause requires "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610 (D.N.J. 2002) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). If good cause exists, the Court must extend the time for service. *Petrucelli*, 46 F.3d at 1305. If good cause does not exist, the Court has discretion to dismiss the complaint or extend the time for service. *Id.*

In exercising its discretion to dismiss or extend the time for service, the Court may consider: "(1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and (6) any other relevant factor." *First Response v. New Jersey*, No. 21-1458, 2023 WL 3043633, at \*4 (D.N.J. Apr. 21, 2023) (quoting *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at \*7 (D.N.J. Mar. 1, 2010)). The plaintiff has the burden of showing why the Court should exercise its discretion to extend the time for service.

While courts give "greater leeway" to *pro se* litigants, they still "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013). A *pro se* plaintiff's ignorance of the Rules does "not provide good cause to excuse his [or her] failure to serve the defendants within the time allotted under the rules." *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006); *see also Alford v. Plumeri*, No. 23-20440, 2026 WL 1128004, at \*2 (D.N.J. Apr. 24, 2026); *Cutchins v. Lowe's Cos., Inc.*, No. 23-355, 2025 WL 360577, at \*2 (D.N.J. Jan. 28, 2025).

4

### III.    DISCUSSION

It is undisputed that Plaintiff failed to make proper service. He filed the Complaint on May 2, 2025. (*See* Compl.) Pursuant to Rule 4(m), Plaintiff had until July 31, 2025, to serve Defendant. He served Defendant with a summons on August 29, 2025.

Because Plaintiff's service on Defendant was late and missing a copy of the complaint, the Court considers whether Plaintiff has shown good cause for his noncompliance. Plaintiff claims there is good cause to excuse the delay because he acted diligently after receiving the Clerk's Notice of Call for Dismissal. (Pl.'s Opp'n at 1.) Plaintiff identifies many steps he took to serve Defendant after receiving the Notice. While Plaintiff's efforts are commendable, his argument misses the mark. The question is why Plaintiff failed to serve Defendant *within* the ninety-day window, not what Plaintiff did *after* the ninety-day window closed. Plaintiff provides no explanation as to why he failed to serve Defendant on time in the first place. And, when Plaintiff eventually served Defendant, he did not include a copy of the Complaint, as Rule 4(c) requires. Therefore, Plaintiff has failed to demonstrate good cause for not complying with Rule 4.

Because Plaintiff has not shown good cause to excuse his noncompliance, the Court considers whether to exercise its discretion and extend Plaintiff's time to serve Defendant. "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id.* "Courts in this District have quashed service rather than dismiss a lawsuit for improper service if a plaintiff acted in good faith but failed to make proper service." *Leavitt v. Sky Warrior Bahamas Ltd.*, No. 24-886, 2024 WL 4275052, at *6 (D.N.J. Sept. 24, 2024).

Having reviewed the steps Plaintiff took to serve Defendant after the Notice, it appears Plaintiff acted in good faith and that there is a reasonable possibility he may yet make proper service. Therefore, the Court **QUASHES** Plaintiff's service and provides him with additional time to properly serve Defendant.

Defendant also moves to dismiss the Complaint for failure to state a claim. However, the Court generally "may not dismiss a suit prior to service of process."[4] *Roberts v. Mayor of London*, 70 F. App'x 615, 617 (3d Cir. 2003); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir. 1965). Because the Court finds Plaintiff did not properly serve Defendant, and extends the time to do so, dismissing the Complaint at this stage would be premature. Accordingly, the Court **DENIES** Defendant's motion to dismiss the Complaint without prejudice to their ability to refile the motion if Plaintiff effects proper service.

Finally, Plaintiff seeks leave to file an amended complaint addressing the deficiencies identified in Defendant's motion to dismiss. Rule 15(a)(2) requires the Court grant leave to amend "when justice so requires." "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, there is no indication that an amendment could not resolve the Complaint's purported deficiencies. The Court, therefore, **GRANTS** Plaintiff thirty days to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 6) is **DENIED** without prejudice. Plaintiff's service is **QUASHED**. Plaintiff shall have thirty (30) days to file an amended

---

[4] One exception is that the Court may dismiss a complaint before service where "it is apparent, on the face of the complaint, that the District Court lacks subject matter jurisdiction." *Roberts*, 70 F. App'x at 618. That is not the case here.

6

pleading. After filing an amended pleading, Plaintiff shall have an additional thirty (30) days to effect proper service. An appropriate Order accompanies this Opinion.

**DATED: 4/28/2026**

JULIEN XAVIER NEALS
United States District Judge